IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

American Maritime Officers Union,　　　　　　　　　　Case No. 3:07CV937

　　　　　Plaintiff

　　v.　　　　　　　　　　　　　　　　　　　　　　　ORDER

Interlake Steamship Company,

　　　　　Defendant

　　　　This a suit between a union representing maritime officers and Interlake Steamship Company, in which the union contends that a collective bargaining agreement exists between it and the company, and the company breached the agreement when it agreed to have the officers represented by another union.

　　　　Pending are counter-motions for summary judgment. For the reasons that follow, the company's motion shall be granted and the union's motion shall be denied.

　　　　The union claims that a collective bargaining agreement was entered into during a meeting on February 16, 2007. According to the union, the company's representative said that terms and conditions reached with other shipping firms were acceptable to it. The company denies having expressed such agreement.

　　　　After the meeting the union sent an executed copy of a collective bargaining agreement to the company. Rather than signing and returning the agreement, the company notified the union in a letter dated March 5, 2007, that its officers would be represented by the other union, rather than the plaintiff. Plaintiff then brought this suit.

The company claims that it was not bound by any oral agreement, even if such were reached at the February 16th meeting because the term of the putative agreement – four years – requires a written agreement under the statute of frauds. The company relies on *Hamilton Foundry & Machine Co. v. Int'l Molders & Foundry Workers Union*, 193 F.2d 209 (6th Cir. 1951).

That case involved a collective bargaining agreement under the National Labor Relations Act, and arose under § 301 of the NLRA. The court held that the statute of frauds applied to the contract, which it held to be unenforceable because it had not been signed by one of the parties and could not be performed within one year. *Id*. at 215-16.

The union argues that this is an "old" decision, which has not been followed elsewhere, *see NLRB v. Haberman Constr.*, 641 F.2d 351, 355-56 (5th Cir. 1981) (en banc), and has, according to the union, been undercut by later Sixth Circuit decisions. *See Eisenmann Corp. v. Sheet Metal Workers Int'l Union*, 323 F.3d 375, 383 (6th Cir. 2003) ("Because federal labor law policy has emphasized the important goal of maintaining industrial peace, the technical rules of commercial contract law need not be strictly applied to labor contracts."); *Maurer v. Joy Technologies, Inc.*, 212 F.3d 907, 916 (6th Cir. 2000) (application of traditional contract rules cannot "denigrate or contradict basic principles of federal labor law").

The strongest support for the union's contention can be found from *Bobbie Brooks, Inc. v. Int'l Ladies' Garment Workers Union*, 835 F.2d 1164 (6th Cir. 1987), in which the court upheld an unwritten agreement that the parties had implemented *in toto* for several months. The court did not, however, address the impact of the statute of frauds on the enforceability of the agreement.

I decline to accept the union's invitation to disregard *Hamilton* by finding that later cases have abrogated its ruling as to the applicability of the statute of frauds. I do so without reaching the merits of the parties' arguments on the issue.

I am more than a little reluctant to accept the union's invitation because of my experience, as manifest in the Sixth Circuit's decision in *In re Young*, 872 F.2d 176 (6th Cir. 1989), with disregarding "old" precedent. That case involved injuries to an occupant of a pleasure boat. Though the boat's owner had purchased liability insurance, the insurer declined to pay fully for the injuries allegedly caused by the owner's negligent repair of a gas line on the boat.

Instead, the insurer argued, the liability of the owner, and thus its liability under the policy it had issued to the owner, was limited under a nineteenth century statute that limited the liability of a vessel's owner to the value of the vessel and the goods being carried. Congress had indisputably adopted that statute to protect the Republic's commercial shipping interests.

I held that the statute did not apply to circumstances that could not have been envisioned more than a hundred years before the explosion that injured the pleasure boat's occupant. There was nothing commercial about the boat or its use when the accident occurred.

I acknowledged that the Sixth Circuit, as the insurer had pointed out, had decided a case *Feige v. Hurley*, 89 F.2d 575, 576 (6th Cir. 1937), in which it had applied the limitation of liability statute to a pleasure boat. In what I considered to be a thorough and thoughtful examination of the statute, the decision in *Feige*, and several later cases, including some by other district courts in the Sixth Circuit in the context of the widespread use of pleasure craft on our inland waters, I held that *Feige* was no longer good law.

The panel of Sixth Circuit Judge disagreed and reversed. Their opinion pointed out that a panel could not overruled another panel's decision, no matter how outmoded some might think it to have become. The court emphasized that it did "not have the luxury of being as cavalier" as one of my District Court colleagues [and, by implication, as I] had been "relative to the *Feige* decision." *In re Young*, *supra*, 872 F.2d at 177.

That experience has long since persuaded me that I am not to tamper – whether thoughtfully, cavalierly or otherwise – with Sixth Circuit precedent.

Because there is clear precedent applying the statute of frauds to labor contracts, I must apply the statute to this contract. The company never having signed the agreement which the union claims the company breached, it is hereby

ORDERED THAT the defendant's motion for summary judgment [Doc. 20] be, and the same hereby is granted; and the plaintiff's motion for summary judgment [Doc. 21] be, and the same hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge